# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 2:14CR00001-002 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **EMMANUEL LEE VESTAL,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Emmanuel Lee Vestal, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  This matter is before me upon the United States' Motion to Dismiss.  Vestal has responded to that motion, making the matter ripe for disposition.  After reviewing the record, I will grant the United States' Motion to Dismiss.

## I.

Vestal was sentenced by this court by judgment entered April 16, 2015, to 57 months' incarceration after Vestal pleaded guilty to conspiring to commit misbranding, in violation of 18 U.S.C. § 371, and misbranding, in violation of 21 U.S.C. § 333(a)(2).

Vestal commenced this collateral attack no earlier than May 18, 2016.[1]  The

court conditionally filed his "Motion, Plain Error Review," and advised him that it

intended to construe that motion as a § 2255 motion in accordance with *Castro v.*

*United States*, 540 U.S. 375, 377 (2003).  In its Motion to Dismiss, the United

States argues that the § 2255 motion is untimely filed, and Vestal argues in

response that his § 2255 motion is timely filed within one year of *Molina-Martinez*

*v. United States*, 136 S. Ct. 1338 (2016).

## II.

Federal inmates in custody may attack the validity of their federal sentences

by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations

period.  This period begins to run from the latest of: (1) the date on which the

judgment of conviction becomes final; (2) the date on which the impediment to

making a motion created by governmental action in violation of the Constitution or

laws of the United States is removed, if the movant was prevented from making a

motion by such governmental action; (3) the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized

---

[1] Vestal signed the motion titled "Motion, Plain Error Review," on May 18, 2016.
(ECF No. 657.)  In response to the court's conditional filing order, Vestal assented to the
court treating the "Motion, Plain Error Review" as a § 2255 motion (ECF No. 663), and
consequently, I treat that response as relating back to the earliest date Vestal could have
handed the "Motion, Plain Error Review" to prison officials for mailing.  *See* Rule 3, R.
Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions); Fed. R.
Civ. P. 15(c) (discussing relating back to previously filed documents); *Haines v. Kerner*,
404 U.S. 519, 520-21 (1972) (requiring liberal construction of pro se pleadings).

by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

Vestal's criminal judgment became final on April 30, 2015, when the time expired to note an appeal to the court of appeals.  *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (stating a conviction becomes final once the availability of direct review is exhausted).  Accordingly, for purposes of § 2255(f)(1), Vestal had until April 30, 2016, to timely file a § 2255 motion, but he did not commence this collateral attack until May 18, 2016.

Vestal argues that his motion is timely filed within one year of *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), which was issued on April 20, 2016.  However, *Molina-Martinez* does not recognize a new right, and Vestal fails to establish that it applies retroactively to cases on collateral review.  *Cf. United States v. Sanders*, 247 F.3d 139, 147-48 (4th Cir. 2001) (citing *Teague v. Lane*, 489 U.S. 288, 312 (1989)).  Consequently, Vestal fails to establish that the limitations period runs from the issuance of *Molina-Martinez*, and Vestal filed the § 2255 motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to

enforce the limitation period against the party and gross injustice would result."

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Vestal pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, Vestal is not entitled to equitable tolling, and the § 2255 motion must be denied as untimely filed.

## III.

For the foregoing reasons, the United States' Motion to Dismiss is granted and Vestal's Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED:   July 20, 2016

/s/  James P. Jones
United States District Judge