# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 2:14CR00001-002 |
| v. | ) | **OPINION AND ORDER** |
| **EMMANUEL LEE VESTAL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Emmanuel Lee Vestal, Pro Se Defendant.*

The defendant, sentenced by this court in 2015 to 57 months imprisonment, has filed a pro se motion requesting the court to reduce his sentence on the grounds that he has been a "model inmate" and that the sentence imposed may have been "too long or harsh." Mot. 1, 2, ECF No. 705.

A district court "may not modify a term of imprisonment once it has been imposed unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 35 (4th Cir. 2010) (internal quotation marks omitted). Under Federal Rule of Criminal Procedure 35(a), a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing. "[T]he scope of clear error correctable under Rule 35(a) is extremely narrow,"

which comports with Congress' intent "to promote openness and finality in sentencing." *United States v. Fields*, 552 F.3d 401, 404–05 (4th Cir. 2009) (internal quotation marks omitted).

The defendant's circumstances do not fall within any of these exceptions, and thus the court is without the power to change his sentence. Accordingly, the motion (ECF No. 705) is DENIED.

ENTER: November 21, 2017

/s/ James P. Jones
United States District Judge